[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-12994
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-00586-CR-12-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,
Cross-Appellant,

versus

CARLOS GARZA,

Defendant-Appellant.
Cross-Appellee.

-------------------------------------------------------------------

Appeals from the United States District Court
for the Northern District of Georgia

-------------------------------------------------------------------

**(August 10, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Carlos Garza appeals his 188-month sentence for conspiracy to possess with

intent to distribute at least 5 kilograms of cocaine hydrochloride and at least 500

grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), (viii); and 846.  No reversible error has been shown; we affirm.

Garza argues that the district court clearly erred in determining that he was responsible for 80 to 100 kilograms of cocaine.  He contends that trial testimony by Charles Anthony Brown about Garza's drug transactions with Brown was too ambiguous and contradictory for the district court to determine the quantity of cocaine attributable to Garza.  "We review a district court's determination of the quantity of drugs used to establish a base offense level for sentencing purposes under the clearly erroneous standard."  United States v. Simpson, 228 F.3d 1294, 1298 (11th Cir. 2000).  In reviewing the district court's factual findings at sentencing, "[w]e accord great deference to the district court's credibility determinations."  United States v. Gregg, 179 F.3d 1312, 1316 (11th Cir. 1999).

"[T]he base offense level for a possession or a conspiracy drug offense is ordinarily calculated by determining the quantity of drugs attributable to a defendant."  United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005) (citing U.S.S.G. § 2D1.1(a)).  "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance."  U.S.S.G. § 2D1.1 cmt. n.12.  For offenses

2

involving at least 50 kilograms but less than 150 kilograms of cocaine, the base offense level is 36.  U.S.S.G. § 2D1.1(c)(2).

In this case, the district court's drug quantity calculation was based in large part on Brown's trial testimony.  The district court concluded that Brown's testimony was credible, a determination that is entitled to great deference on appeal.  See Gregg, 179 F.3d at 1316.  Because Brown's testimony established that Garza was responsible for 80 to 100 kilograms of cocaine, the district court did not clearly err in determining that Garza's base offense level was 36.  See U.S.S.G. § 2D1.1(c)(2).

**AFFIRMED.**